IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SYLVESTER WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19CV631 |
| | ) | |
| FEDERAL HIGHWAY ADMINISTRATION; | ) | |
| and NORTH CAROLINA DEPARTMENT | ) | |
| OF TRANSPORTATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Sylvester Williams ("Williams") initiated this *pro se* action to "weigh in on" the East End Connector highway project currently under construction in Durham (the "Project"). (ECF No. 1 at 4.) Williams opposes the Project, which he alleges will bring "disruption[,] . . . noise, [and] pollution" to his community. (*See id.*) He filed the instant complaint against two governmental agencies—the Federal Highway Administration ("FHWA") and the North Carolina Department of Transportation ("NCDOT")[1]—so as to "urge [them] to reconsider the effects of [the] [P]roject." (*See id.*) As the basis for his complaint, Williams cites (but does not discuss) eight federal statutes, regulations, and orders: Title VI of the Civil Rights Act of 1964; Executive Order 12898; U.S. Department of Transportation ("USDOT") Order

---

[1] Although one part of the complaint names government employees Kevin Resler and John F. Sullivan III as defendants, (ECF No. 1 at 2), the complaint elsewhere states that the only defendants are FHWA and NCDOT, including in the caption, (*id.* at 1, 4). No specific allegations are made against the individual employees. Therefore, the Court does not consider them to be parties to this case.

5610.2(a); 23 U.S.C. § 109(h); the National Environmental Policy Act ("NEPA"); 49 C.F.R. § 21.9(b); 23 C.F.R. § 200.9(b)(4); and the Uniform Relocation Assistance and Real Property Acquisition Act of 1970 ("URA"). (*Id.* at 3.)

FHWA now moves for dismissal, (*see* ECF No. 7), contending that Williams's claims are either time-barred or otherwise legally insufficient, (*see* ECF No. 8 at 6–15). As explained below, the Court agrees; FHWA's motion will be granted, and Williams's claims against it will be dismissed.

Furthermore, it appears that Williams has failed to properly serve NCDOT within the 90-day time period allowed under the Federal Rules. (*See* ECF No. 6 at 2); Fed. R. Civ. P. 4(m). Accordingly, the Court will exercise its authority pursuant to Rule 4(m) and dismiss this action as to NCDOT, albeit without prejudice.

I. BACKGROUND

The Project aims to connect two major highways—N.C. 147 and U.S. 70—and improve access to I-85 and I-40 in the Durham area. (ECF No. 8-2 at 7.) In December 2009, NCDOT issued an Environmental Assessment ("EA") which "identif[ied] and assess[ed]" the potential impact of the Project on the region. (*See* ECF No. 8-1 ¶ 5.) Based on its review of that document, FHWA issued a Finding of No Significant Impact ("FONSI") for the Project on December 20, 2011. (*Id.* ¶¶ 3, 5.)

Part of the Project's intended route runs near Hayestown, "one of the oldest African American communities in Durham." (*See, e.g.*, ECF Nos. 1 at 4; 8-2 at 20, 25.) Williams has lived in Hayestown since 1981 and "disagree[s]" with the Project, which, he alleges, will produce "noise [and] pollution . . . even after construction is completed." (ECF No. 1 at 4.)

2

In particular, Williams believes that Hayestown's "senior population . . . would be negatively affected" by the Project, as many residents suffer from "asthma and related breathing issues" exacerbated by air contamination. (*See id.*)  He filed this action on June 25, 2019, seeking $50 million in environmental and health-related damages. (*Id.* at 5.)

## II. LEGAL STANDARDS

FHWA moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 7 at 1.)  Under Rule 12(b)(1), a party may seek dismissal based on the court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).  A motion under Rule 12(b)(1) raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).  The burden of proving subject-matter jurisdiction rests with the plaintiff, and the district court may "consider evidence by affidavit . . . without converting the proceeding to one for summary judgment." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A motion to dismiss filed pursuant to Rule 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013).  However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not

accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)). Further, "[w]hile a *pro se* litigant's pleadings are liberally construed, a *pro se* complaint must still contain sufficient facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) (citation and quotations omitted).

### III. DISCUSSION

This Court has an obligation to construe *pro se* filings—"however inartfully pleaded"—less rigidly than "formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, the "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This Court cannot act as Williams's advocate, nor help him develop otherwise meritless claims. *See Adler v. Anchor Funding Servs., LLC*, No. 3:10cv515, 2011 WL 1843226, at *2 (W.D.N.C. May 16, 2011) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)).

Although the Court sympathizes with Williams's desire to protect vulnerable members of his community, his complaint, even when generously construed, cannot survive dismissal. The eight statutes, regulations, and orders cited in the complaint can be readily sorted into three groups: (1) Title VI and related regulations; (2) NEPA and related statutes and orders; and (3) the URA. As explained below, Williams cannot proceed under either category.

#### A. Title VI and Related Regulations

Title VI of the Civil Rights Act of 1964 provides that: "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be

4

denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.  While the Supreme Court has determined that an implied private right of action exists under Title VI, *see Cannon v. Univ. of Chi.*, 441 U.S. 677, 702–03 (1979), that right is limited to suits against the recipients of federal funds; suits against the funding agencies are not authorized. *See Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 191–92 (4th Cir. 1999). Accordingly, Title VI does not provide a basis for Williams's claims against FHWA. Williams may petition FHWA to take action against its grant recipients, *see, e.g.*, 49 C.F.R. § 21.11(b), or sue the recipients themselves. However, he may not pursue direct litigation against FHWA under Title VI.

The same is true for 49 C.F.R. § 21.9(b) and 23 C.F.R. § 200.9(b)(4), which are data-collection and reporting requirements promulgated by USDOT and FHWA. The Supreme Court has held that, although Title VI empowers agencies to formulate regulations, it does not confer a private right of action to enforce those regulations. *See Alexander v. Sandoval*, 532 U.S. 275, 293 (2001). Thus, neither Title VI nor the related regulations cited in the complaint provide a legal basis upon which relief can be granted, and those claims must be dismissed.

### B. NEPA and Related Statutes and Orders

Next, any potential NEPA-related claims Williams intends to bring are barred by the general statute of limitations set forth in 28 U.S.C. § 2401(a). All civil actions against the United States (or its agencies) must be "filed within six years after the right of action first accrues." *See* 28 U.S.C. § 2401(a). "Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity." *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987). Accordingly, except under

5

circumstances not present here, claims brought outside of § 2401's six-year limitations period are beyond this Court's jurisdiction. *See United States v. Mottaz*, 476 U.S. 834, 841 (1986) ("When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction.").

NEPA itself does not authorize a private cause of action. Rather, final agency actions taken pursuant to NEPA are made reviewable under the Administrative Procedure Act ("APA"). *See Jersey Heights*, 174 F.3d at 186. While Williams does not expressly reference the APA in his complaint, his stated desire to "weigh in" on the Project and have FHWA "reconsider" its effects could be interpreted as an attack on the agency's decisionmaking process. (*See* ECF No. 1 at 4); *see also* 5 U.S.C. § 706(2)(A) (directing courts to overturn final agency actions if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"). However, even if the Court construes the complaint as containing a request for APA review of a NEPA-related action, that claim would be time-barred under § 2401(a).

"[A] complaint under the APA for review of an agency action is a 'civil action' within the meaning of section 2401(a)" and therefore subject to its six-year limitations period. *See Jersey Heights*, 174 F.3d at 186 (quotation omitted). Further, an APA claim "accrues" for § 2401 purposes upon completion of a "final agency action"—in this case, FHWA's issuance of its FONSI for the Project on December 20, 2011. *See id.* at 186–87; *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) ("[The] decision to issue a FONSI constitute[s] a 'final agency action' under NEPA that is subject to immediate judicial review under [the APA]."). Any APA claim, therefore, would have "accrued" on that date; yet Williams did not

6

file his complaint until June 25, 2019, more than seven years later. Accordingly, to the extent Williams seeks APA review of FHWA's NEPA process, that claim is time-barred and must be dismissed for lack of subject-matter jurisdiction.

Any claims Williams intends to bring pursuant to Executive Order 12898, USDOT Order 5610.2(a), or 23 U.S.C. § 109(h) are likewise time-barred. All three are policy statements mandating that agencies take into account certain environmental-justice or public interest factors; however, none of them authorize a private right of action. *See* Exec. Order No. 12898, at § 6-609, 59 FR 7629 (1994); US DOT Order No. 5610.2(a), at § 1.c; *Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. U.S. Dep't of Transp.*, 524 F. Supp. 2d 642, 706 (D. Md. 2007) (citing *Jersey Heights*, 174 F.3d at 186). Moreover, to the extent the factors outlined in those provisions were considered by FHWA as part of its NEPA process (and therefore made subject to APA review), any corresponding APA claims are unavailable for the same reasons as above—the FONSI was the relevant "final agency action," and more than six years passed between the time it was issued and the filing of this action. Thus, any such claims are time-barred and must be dismissed.

### C. The URA

Williams also cites the URA as a legal basis for his claims. The URA contains ten provisions guiding federal agencies engaged in land acquisitions. *See* 42 U.S.C. § 4651. The Fourth Circuit has confirmed that the "URA . . . creates no individually enforceable rights" and that private plaintiffs lack "any basis for a private action" to remedy violations of its provisions. *See Clear Sky Car Wash LLC v. City of Chesapeake*, 743 F.3d 438, 444 (4th Cir. 2014).

7

Furthermore, although the Fourth Circuit has not expressly foreclosed APA review of alleged URA violations, *see id.* at 444–45, Williams has not even alleged sufficient facts to support such a claim. As FHWA points out in its brief, Williams's complaint "provides no insight as to how he alleges that FHWA violated the URA or even what specific provisions he alleges that it violated." (ECF No. 8 at 14.) The complaint, therefore, fails to assert a plausible URA claim against FHWA.

### D. Claims Against NCDOT

As a final and separate matter, the Court notes that Williams has failed to properly serve NCDOT or any of its employees. A review of the docket indicates that Williams attempted to serve a summons on "John F. Sullivan, III—Division Administrator, NCDOT" on August 23, 2019. (*See* ECF No. 6 at 1.) However, that summons was returned as unexecuted on August 27, 2019. (*See id.* at 2 (stating "[a]ddress listed for def. is a mail distribution center" as the reason for non-delivery).) The Clerk's Office notified Williams that his attempted service had failed by manually mailing him a copy of the returned summons on September 9, 2019. There has been no further evidence of service since that time.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Williams has shown no good cause for his delay in serving NCDOT, even after receiving notice from the Clerk that his previous attempt had failed. Accordingly, this Court will dismiss all claims against NCDOT without prejudice.

For the reasons stated herein, the Court enters the following:

8

# ORDER

IT IS THEREFORE ORDERED that FHWA's Motion to Dismiss, (ECF No. 7), is GRANTED, and all claims against FHWA are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that all claims against NCDOT are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).

This, the 6th day of May 2020.

/s/Loretta C. Biggs
United States District Judge